## 12381.  COOK *v.* THE STATE.

1. Abuse of the judge's discretion in overruling the motion for continuance does not appear. LUKE, J., dissents.
2. Refusal to allow a renewal of the motion, later in the same day, was not erroneous.
3. The evidence sustained the verdict of conviction.

DECIDED JUNE 30, 1921.

Indictment for assault with intent to rape; from Colquitt superior court — Judge Thomas. March 19, 1921.

Application for certiorari was denied by the Supreme Court.

*Dowling & Askew,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

BLOODWORTH, J. 1. Under all the facts and circumstances of this case, this court can not say that the trial judge abused his discretion in overruling the original motion to continue the case.

2. The original motion to continue this case was made in the morning. Late in the afternoon of the same day, when the case was again called, the defendant offered to renew his motion for a continuance, and his counsel stated that the defendant would testify that he (the defendant), " on account of his weakened condition for the past six weeks, about two or three weeks of which was spent in the bed, and being brought to town that day and sitting there all day, was at the time physically unable to defend his case." This was practically the same motion as made in the morning. In reference to this offer to renew the motion to continue the trial judge, in a note attached to the motion for a new trial, said: " The defendant was in court when the second motion to continue was made, and showed no change of condition. He stood his trial and conducted the same, and, after verdict of guilty, made a motion for new trial and was released on bond, and was by the presiding judge seen in the crowds about the streets, moving about on his crutches and talking with people on the streets as others were doing." In the light of this note, we do not think that the judge erred in refusing to allow the defendant to renew his motion for continuance.

3. Every essential element of the crime charged is shown by the evidence for the State. To set aside the verdict it would be necessary for this court to say that this evidence is false. To pass upon conflicting evidence is the peculiar province of the jury. No error of law is shown; the jury believed the evidence for the State; their verdict has the approval of the trial judge, and must be sustained.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. The record in this case shows that the defendant was indicted on the 18th day of January, 1921, and that his case was called for trial on the 20th day of January, 1921. The defendant moved for a continuance upon the ground that he was physically unable to prepare his case and to go to trial upon the indictment. It will be noted that this motion for a continuance was made just two days after the indictment was returned into court. The uncontradicted evidence introduced upon the motion for continuance is that the defendant was suffering from a stroke of paralysis of about three weeks duration, and was literally hauled into court for trial. The attending physician tes-

tified that the defendant was physically unfit to prepare his case, and that to put him on trial might possibly be of grave concern. In my opinion, the motion for a continuance should have been granted. No defendant, in my judgment, should be hurried to trial upon such a state of facts as appears in this record. The note of the trial judge that some time after the trial of the defendant he had seen the defendant walking on crutches should not influence this court in passing upon this motion for a continuance. Indeed, if the defendant should have had a complete recovery the very next moment after the conclusion of his trial, his right to a continuance, at the time of his physical inability to go to trial was made to appear to the court, would not be lessened. It is my opinion, therefore, that the court should have granted the continuance prayed for in this case.